THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT C. BANCROFT, Marshal of the city of New-burgh, Respondent, v. CHARLES H. WEYGANT, Mayor of the city of Newburgh, Appellant.

*Marshal of Newburgh — removal of — what not sufficient cause for — Certiorari — evidence, how far examined on.*

By the charter of the city of Newburgh, a marshal of the police force is to be appointed, to hold office until removed for incapacity or misbehavior or neg-lect of duty. The relator having been appointed, was removed on the charge that before his appointment he had been a collector of taxes of the city, and had failed to account for and pay over money collected by him.

*Held,* that this did not show incapacity or misbehavior, or neglect of duty, so as to justify his removal.

Upon a common-law *certiorari,* the court will examine the evidence, to see if there is any competent proof to justify the adjudication made.

APPEAL from an order made at the Special Term vacating a decision made by the respondent, by which the relator was removed from the office of marshal of the city of Newburgh.

The case came before the Special Term on a return to a writ

of *certiorari*, issued to review the action of the respondent, as mayor of Newburgh, in removing the relator from office.

The removal was made under section 9, of chapter 326 of 1875, which is as follows:

"The mayor, with the consent of the common council of said city, shall appoint a marshal, and not more than twenty proper persons to be police constables for said city, who shall hold their office until their removal by the mayor *for incapacity or misbehavior, or neglect of duty.* Before making such removal, the mayor shall give such officer notice of any charges made, and the grounds of such proposed removal; and such officer shall be heard after such notice before the mayor in his own behalf, and witnesses may be compelled to attend on such hearing, at the request of either party."

*William D. Dickey*, for the appellant.

*M. H. Hirschberg*, for the respondent.

Barnard, P. J.:

This appeal presents for review a single question of law. By the provision of chapter 326, of the Laws of 1875, section 9, the mayor of the city of Newburgh is empowered, with the consent of the common council of that city, to appoint a marshal, and not more than twenty proper persons to be police constables for the city, who shall hold their office until their removal by the mayor for incapacity or misbehavior, or neglect of duty. Under this law the relator, Bancroft, was appointed marshal by the then mayor in April, 1875, and the appointment was approved by the common council. In March, 1878, the relator was removed from this office of marshal, upon charges sustained by proof that Bancroft, the relator, had, before his appointment, held an office of collector of taxes of the city of Newburgh, and had failed to account for and pay over the money collected by him to the city treasurer. The sole question, therefore, presented is whether proof of this default as collector of taxes establishes "incapacity, misbehavior, or neglect of duty," as marshal of police. It seems quite clear that it does not. The "incapacity, misbehavior or neglect of

duty," must be established against the relator in respect to the office of marshal. There is an entire absence of proof affecting the qualification of relator for the performance of such duties, and no misbehavior or neglect of duty is proved, or made the basis of the removal from office, beyond this default as tax collector.

It is now well settled that the return to a common-law *certiorari* may be examined to see if there is any competent proof to justify the adjudication made. There being no evidence establishing any of the causes for which the mayor had power to remove relator, the order at Special Term reversing his determination must be affirmed with costs.

GILBERT, J., concurred; DYKMAN, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.